IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV442-1-MU

| | |
|---|---|
| LESTER BARNETT, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOHN VAUGHAN, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus and upon his Petitioner's Application to Proceed In Forma Pauperis, both filed September 22, 2008.

A Petition for a Writ of Habeas Corpus requires a filing fee of $5.00. After reviewing the affidavit in support of the application to proceed in forma pauperis, the Court concludes that the Petitioner is unable to pay the filing fee. Accordingly, his motion to proceed in forma pauperis is granted.

According to the information filed by Petitioner, he was convicted after trial by jury of Felony Murder and Armed Robbery in Mecklenburg County Superior Court. On or about December 19, 1980, Petitioner was sentenced to life imprisonment. Petitioner directly appealed his sentence and conviction and the North Carolina Supreme Court which affirmed his sentence and conviction on March 8, 1983. State v. Barnett, 307 N.C. 608 (1983).

On or about December 9, 1985, Petitioner filed a Motion for Appropriate Relief (MAR)

in the Superior Court of Mecklenburg County which was denied on January 10, 1986.[1]  On or about September 7, 1995, the North Carolina Supreme Court denied Petitioner's Petition for Writ of Certiorari.  On September 9, 2007, Petitioner filed a second MAR with the Superior Court of Mecklenburg County which was denied on August 1, 2008.  On August 26, 2008, the North Carolina Supreme Court denied Petitioner's appeal of the denial of his MAR.  On September 22, 2008, Petitioner filed the instant federal habeas petition with this Court.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect.  The AEDPA amended § 2254 to include a one-year limitation on the filing of a motion.  28 U.S.C. § 2244(d)(1).  Under AEDPA a petitioner must file a § 2254 motion within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Prisoner's whose convictions became final any time prior to the effective date of AEDPA had until April 24, 1997, to file their § 2254 motions.  See Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998)(discussing AEDPA's grace period).  The one-year limitation period, however, is tolled for the period during which a properly filed state post-conviction action is pending.  28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final in 1983 which was prior to the effective date of AEDPA.  He therefore had until April 24, 1997, to timely file a federal habeas petition.  See 28 U.S.C. § 2244(d)(1)(A).  Petitioner, however, did not file his federal habeas petition until September 2008 – well after this date. Petitioner's first MAR and writ of certiorari did not

---

[1] In July 1994, Petitioner filed a federal habeas petition with this Court (3:94CV256). Because it was dismissed without prejudice for failure to exhaust, the successive provision of AEDPA does not preclude Petitioner from filing the instant federal habeas petition.

operate to toll his limitation period because they were filed and decided prior to the passage of AEDPA. Petitioner's 2007 MAR and appeal did not operate to toll his limitation period as it had already expired. See Harris v. Hutchinson, 209 F.3d 325, 327-28 (4th Cir. 2000). Consequently, this Court finds that Petitioner's federal habeas petition is untimely.[2]

In response to the form petition's request for an explanation as to why his petition should be considered timely filed if his conviction became final over one year ago, Petitioner responded that he was only 18 when he was arrested and 19 when he was sentenced.[3] In addition, Petitioner asserts that he "was uneducated and layman at law." When considering equitable tolling arguments a court must be mindful that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of

---

[2] The Court notes that a November 7, 2005, Order by the North Carolina Court of Appeals denying an October 25, 2005, Petition for Writ of Certiorari is attached to Petitioner's federal habeas petition. Such document on its face does not render Petitioner's federal habeas petition timely and this Court cannot conceive of a scenario concerning this Order that would render Petitioner's federal habeas petition timely. If Petitioner has information to the contrary he may submit such information and documentation in a motion to reconsider.

[3] In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the United States Court of Appeals for the Fourth Circuit concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. at 707. In the instant case, the federal habeas petition form set forth AEDPA's limitation period and asked Petitioner to state why the limitation period did not bar his petition. Petitioner provided an argument as to why his petition should be considered timely filed. Accordingly, given the fact that Petitioner had the opportunity to address the timeliness of his petition -- albeit unsuccessfully -- the Court concludes that it need not provide Petitioner with any additional opportunities to address such matters. In addition, this Court notes that this case is inapposite to the "narrow circumstances" found by the Fourth Circuit in Bilal v. State of North Carolina, No. 06-6677, 2008 WL 2787702 (4th Cir. July 18, 2008). In the instant case, Petitioner's habeas petition is untimely by many, many years. In addition, Petitioner substantively responded to the form question as to why his petition should be considered timely filed.

3

individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  Consequently, equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.  Equitable tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id.  Petitioner's contention that he was young and a layman does not support a finding that his limitation period should be tolled.  Ignorance of the law is not sufficient to establish that AEDPA's limitation period is not a basis for equitable tolling.  See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(ignorance of law by a pro se prisoner is not a basis for equitable tolling).  Consequently, Petitioner has not established that his limitation period should be equitably tolled on this basis.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Application to Proceed In Forma Pauperis is **GRANTED**; and

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

Signed: October 1, 2008

Graham C. Mullen
United States District Judge